Paul Hunter
Attorney at Law
2616 Central Avenue
Cheyenne, Wyoming 82001
Telephone: 307-637-0212
Facsimile: 307-637-0262
attypaulhunter@prodigy.net

DLA Piper LLP (US)
Thomas R. Califano (*pro hac vice*)
Vincent J. Roldan (*pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4990
Facsimile: (212) 884-8690
thomas.califano@dlapiper.com
vincent.roldan@dlapiper.com
Counsel for Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 08-20345 |
| WYOMING ETHANOL, A LIMITED | ) | Chapter 11 |
| LIABILITY COMPANY, | ) | |
| | ) | |
| Debtor. | ) | |
| | | |
| In re: | ) | |
| | ) | |
| | ) | Case No. 08-20347 |
| | ) | Chapter 11 |
| RENOVA ENERGY, INC., | ) | |
| | ) | |
| Debtor. | ) | |
| | | |
| In re: | ) | |
| | ) | Case No. 08-20346 |
| RENOVA ENERGY (ID) LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | (Jointly Administered) |

EAST\42178605.2

**AFFIDAVIT OF DANIEL F. DOOLEY IN SUPPORT OF APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION OF MORRIS ANDERSON & ASSOCIATES LTD. AS CONSULTANT AND J. LAWRENCE HENNESSY AS CHIEF RESTRUCTURING OFFICER TO THE DEBTORS NUNC PRO TUNC TO THE PETITION DATE, PURSUANT TO 11 U.S.C. § 327(a) and 1107(b) OR, ALTERNATIVELY, <u>PURSUANT TO 11 U.S.C. § 363(b) AND THE "JAY ALIX PROTOCOL"</u>**

|   |   |
|---|---|
| State of Illinois | ) |
|  | ) ss.: |
| County of Cook | ) |

I, Daniel F. Dooley, declare as follows:

1. I am a principal of Morris Anderson & Associates ("<u>MAA</u>").

2. I submit this affidavit in support of the application for an order authorizing the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") to employ and retain MAA, as crisis manager to the Debtors, and J. Lawrence Hennessy ("<u>Hennessy</u>") as Chief Restructuring Officer ("<u>CRO</u>") to the Debtors, <u>nunc pro tunc</u> to the date of filing of the petitions. Unless otherwise noted, all capitalized terms used in this Affidavit have the meanings ascribed to them in the Application.

3. I have personal knowledge of, and am familiar with, the business affairs of MAA. Except as otherwise indicated, all statements herein are based upon my personal knowledge, my review of documents, my opinion based upon my experience and knowledge of MAA's operations and financial condition, or information provided to me by management or other representatives of MAA. With respect to financial information set forth herein, I have relied upon information provided by various officers of MAA. If I were called upon to testify, I could and would testify competently to each of the facts set forth in this Affidavit.

4. I am authorized to submit this Affidavit on behalf of MAA.

## GENERAL BACKGROUND

5.      The Debtors entered into an Agreement for Consulting Services with MAA on May 23, 2008 (the "MAA Agreement") to retain MAA.  The Debtors elected Hennessy as director and CRO of REI, manager and CRO of REID, and manager and CRO of WYE on June 12, 2008, prior to the Petition Date.  Hennessy resigned as manager/director of the Debtors on August 25, 2008, retroactive to July 21, 2008.

6.      On September 1, 2008, the Debtors entered into a new project authorization with MAA to clarify that MAA shall be charged an hourly rate (the "Project Authorization", and collectively with the "MAA Agreement", the "Engagement Letter").

## SERVICES TO BE PROVIDED BY MAA

7.      As per the terms contained in the Engagement Letter, MAA has agreed to provide consulting services to the Debtors, and Hennessy will serve as CRO to the Debtors during these chapter 11 cases.

8.      As CRO, Hennessy has agreed to assist the Debtors in the preparation of their bankruptcy filings, with their operations after the bankruptcy filings, and in addressing creditors' requests and other bankruptcy process obligations that may arise.

9.      Hennessy is performing and will continue to perform a broad range of services, which include, but are not limited to:

   a. Preparing a DIP financing forecast;

   b. Preparing a cash collateral analysis;

   c. Assisting in the analysis of company data in connection with the pre and post-filing activities;

   d. Preparing analysis of all Debtor payments during the applicable Debtor preference window for identification of all potential preference claims and assisting in any actions to negotiate and collect preferences;

  e. Providing assistance to Debtors, including re-negotiation of debts related to the operations of the company and the negotiation of settlements, payments, and extinguishment of liabilities related to the Heyburn construction project;

  f. Monitoring the liquidity of the Debtors via rolling 13-week cash flow model with reasonable details on supplier and other cash requirements, including the Heyburn construction project, if necessary;

  g. Reporting weekly to the bank group concerning the cash flow model;

  h. Reviewing the Debtors' management's financial plans and recommending appropriate changes, if necessary, to ensure the plans are reasonable and realistic for the remainder of the Debtors' chapter 11 cases;

  i. Providing basic operational assessment for the current plant and the marketing distribution system for the company to test whether there are any fundamental and serious operating issues that impair financial performance;

  j. Reviewing accounts receivables and inventory composition, recommending actions to improve financial performance, and reviewing the Debtors' credit and collections control process; and

  k. Reviewing all contracts related to operating entities and, if necessary, the Heyburn construction project, to determine viability and options available to the company.

10. In addition, MAA and Hennessy have agreed to provide plan implementation assistance as requested by the Debtors.

## TERMS OF MAA'S RETENTION

11. The terms of MAA's proposed compensation are fully set forth in the Engagement Letter.

12. Pursuant to the Engagement Letter, MAA will charge the Debtors on an hourly basis for services performed by its employees. The hourly rates are as follows:

| Name | Description | Hourly Rate |
|---|---|---|
| Larry Hennessy | CRO | $450/hr |
| Charles Walker/John Lesko | Ethanol Plant Experts | $350/hr |
| Ken Yager | Financial Advisory work | $350/hr |
| Senior consultants and specialists | n/a | $250-$350/hr |

| Consultants | n/a | $150-$250/hr |

13. MAA will also occasionally use the services of support staff or specialists for certain activities related to these chapter 11 cases. These fees will also be charged on an hourly basis.

14. In addition to the above fees that may be payable to MAA, the Debtors will also, from time-to-time, reimburse MAA for all of MAA's reasonable out-of-pocket expenses incurred in connection with or otherwise arising out of MAA's engagement (subject to the provisions of the debtor-in-possession financing (the "DIP Financing")). These expenses may include without limitation charges for travel,[1] supplies, word processing, telephone, facsimile, research, courier services and other reasonable fees and expenses, including expenses of counsel, if any, in the performance of MAA's services under this Amended Application and the Engagement Letter.

15. MAA has received a retainer of $75,000 prior to the commencement of its services. This retainer will be held by MAA as security for the payment of all fees and expenses due hereunder and will be applied to the last $75,000 of allowed fees and expenses due and payable to MAA.

16. If MAA is retained as a professional under Bankruptcy Code section 327, MAA or Hennessy shall submit quarterly fee applications pursuant to Bankruptcy Code sections 330 and 331. If MAA is retained under Bankruptcy Code section 363, however, MAA and Hennessy shall file with the Court (and provide copies to the counsel for the administrative agent (the "DIP Agent") for the debtor in possession financing being provided to WYE and REI) quarterly reports of compensation earned, subject to the rights of any party-in-interest to object to fees paid to MAA or Hennessy by the Debtors when quarterly reports of compensation earned are filed with this

---

[1] Travel hours will only be billed at full rates for actual work performed. No time charges will be incurred for pure travel

Court. The first quarterly report will be submitted 45 days from the end of the first calendar quarter after the application is approved and will cover the period to and including the last day of the first quarter after the application is approved. This procedure will continue at three month intervals thereafter.

17. Neither MAA nor any of its personnel are agents, employees, officers or directors of the Debtors, except Hennessy who serves as CRO of the Debtors. Additionally, Hennessy was appointed as a director/manager of the Debtors on June 12, 2008, but resigned retroactively to July 21, 2008. Rather, MAA and its personnel are considered independent contractors for the Debtors, except Hennessy who serves as CRO of the Debtors. If retained as a crisis manager, MAA shall not as a financial advisor. MAA is not being hired or retained as an employee, officer or director of the Debtors. In making decisions with respect to its position as crisis manager under the Engagement Letter, MAA shall have no liability to any third party, and shall not be deemed to be in control of the operations of the Debtors, or to be an "owner or operator" or acting as a "responsible person" or managing agent with respect to the operation or management of the Debtors.

18. I believe that the above provisions are reasonable terms and conditions of MAA's engagement. Such provisions are standard terms of the market for firms that provide crisis management services, like MAA, and for comparable engagements, both in and out of court.

19. MAA intends to apply to this Court for compensation for professional services rendered in connection with these cases in accordance with the procedures established by the Bankruptcy Code, Bankruptcy Court, Local Bankruptcy Rules, and/or the administrative and other orders entered by this Court.

20. No promises have been received by MAA as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

21.  MAA further states that it has not shared, and has not agreed to share (a) any compensation that it has received or may receive with another party or person other than with the partners of MAA or (b) any compensation another person or party has received or may receive.

## MAA'S CREDENTIALS

22.  MAA and its professionals and employees have a wealth of experience in providing crisis management services to financially-troubled organizations. I believe that MAA is well qualified to serve as crisis manager in these cases.

## CONNECTIONS WITH THE DEBTORS

23.  Prior to the Petition Date, in total, MAA billed and the Debtors paid approximately $72,000 for crisis management services (and expenses) provided by MAA to the Debtors from May 23, 2008 to June 19, 2008.

24.  Except as set forth herein, to the best of MAA's knowledge, MAA is not aware of any actual or potential conflicts of interest with respect to the proposed retention of MAA by the Debtors.

25.  MAA utilizes a number of procedures (the "MAA Procedures") to determine its relationships, if any, to parties potentially connected to a chapter 11 debtor to which MAA provides its services. In implementing such procedures, the following actions were taken to identify parties that may have connections to the Debtors and MAA's relationships with such parties: Upon and since its retention, MAA requested and obtained from the Debtors extensive (but not necessarily comprehensive) lists of interested parties and significant creditors (the "Potential Parties in

Interest").2  The list of Potential Parties in Interest provided by the Debtors is attached hereto as Schedule 1. The Potential Parties in Interest include, among others, the Debtors, their members, the Debtors' prepetition lenders, the Debtors' mechanic's lien holders, the Debtors' top 30 creditors, and the Debtors' management. MAA then compared the names of the Potential Parties in Interest against the names of former and current clients in its electronic database to determine whether any known connections or relationships existed with the Debtors or MAA.

26.   As a result of the MAA Procedures, I have thus far ascertained that, to the best of my knowledge, other than those relationships disclosed herein, MAA does not have an interest materially adverse to the interests of the Debtors, their estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

27.   The Debtors elected Hennessy as director and CRO of REI, manager and CRO of REID, and manager and CRO of WYE on June 12, 2008, prior to the Petition Date. Hennessy resigned as manager/director of the Debtors on August 25, 2008, retroactive to July 21, 2008.

28.   MAA is not a prepetition creditor or equity security holder of the Debtors.

29.   MAA is not an insider of the Debtors except that Hennessy is currently the CRO of the Debtors.

30.   Except as set forth herein, to the best of MAA's knowledge, other than Hennessy's work as CRO of the Debtors and brief appointment as director/manager of the Debtors, neither Hennessy nor MAA have any connections with the Debtors, creditors, or any other party in interest,

---

2  The list of Potential Parties in Interest may be updated during these cases; and, if appropriate, MAA will update its disclosures accordingly. Further, MAA continues to review the relationships that it may have with potentially interested parties and to determine whether any relationships other than those set forth herein exist. As may be necessary, MAA will supplement this Affidavit if there is a relationship that may adversely affect MAA's retention in these cases or otherwise should be disclosed under applicable law. MAA will update this disclosure if it is advised of any trading of claims against or interests in the Debtor that may relate to MAA's retention or otherwise requires such disclosure.

EAST\42178605.2                                                  8

their respective attorneys and accountants, the United States Trustee, any person employed in the office of the United States Trustee, or any insider of the Debtors.

31. To the extent necessary, MAA agrees to update the disclosure information from time to time if and when additional parties with an interest in or a relationship with the Debtors are identified, in writing, by either MAA or the Debtors.

32. MAA will be compensated by the Debtors as set forth in the Engagement Letter and summarized in the Application and will be reimbursed by the Debtors for out-of-pocket expenses according to the terms of the Engagement Letter and in accordance with the Application.

33. To the best of MAA's knowledge, no employee of MAA is related or connected to, any United States Bankruptcy Judge or District Judge for the District of Wyoming or the United States Trustee for the District of Wyoming or to any employee in the offices thereof.

Dated: December ____, 2008         _____

                                                                Daniel F. Dooley

Sworn to before me this _____ day of December 2008

_____

Notary Public

My Commission Expires: _____

# SCHEDULE 1

**Wyoming Ethanol, a Limited Liability Company's 30 Largest Creditors**

1. Anheuser-Busch, Inc.
2. Lansing Ethanol Services
3. Louis R. Shuman
4. Planalcool Eng. E. Plan. Ind.
5. Quality Petroleum
6. Western Terminal Transport
7. American Electric
8. Bank of the West
9. Bankcard Center
10. Chuck Lackey Trucking
11. Dales Service, Inc.
12. Big Red Transports
13. Donovan Resources
14. Executive & Legislative Services
15. First Insurance Funding Corporation
16. GATX Corporation
17. Hawkins, Inc.
18. KA Steel Chemicals, Inc.
19. Link Oil Co.
20. Magic Transport
21. Pipe Valve & Fitting Co.
22. Resources Global Professionals
23. Rocky Mountain Pipeline System
24. SourceGas, LLC
25. Verenium Coporation
26. VFTechical Services
27. ChemTreat, Inc.
28. Harmon Quality Services
29. Waters Coporation
30. Montana Sales and Packing

**Renova Energy (ID) LLC's 30 Largest Creditors**

1. ADI Systems Inc.
2. Advantage Industrial Systems
3. Alfa Lava Inc.
4. All-Phase Electric Supply Company

5   Central Fabricators, Inc.
6   Danny's Construction Co.
7   Dilling Mechanical Contractors
8   Fisher Controls International
9   Flowserve Pump Division
10  Halverson Company
11  Hoffbuhr Excavating Co., Inc.
12  Hughes Machinery Co., Inc.
13  Katzen International, Inc.
14  Koch-Glitsch LP
15  K & L Steel Corp.
16  Lea Electric, LLC
17  Leanard Petroleum Equipment
18  Mettler Construction, Inc.
19  Melter S.A. DE C. V.
20  Niles Steel Tank
21  Ryan & Associates, Inc.
22  Rule Steel Tanks, Inc.
23  Southern Field Welding
24  SPX Cooling Technologies
25  Triple C Concrete
26  Zeochem
27  Sihi Pumps, Inc.
28  Tyco Valves & Controls, LP
29  Professional Mixing Equipment
30  The Protectiseal Company

**Renova Energy, Inc.'s One Creditor**

Renova Energy Plc

**Wyoming Ethanol, a Limited Liability Company's 100% Equity Holder**

Renova Energy, Inc.

**Renova Energy (ID) LLC's 100% Equity Holder**

Renova Energy, Inc.

**Renova Energy, Inc's 100% Equity Holder**

Renova Energy Plc

**Senior Secured Lenders**

Standard Bank Plc
Caterpillar Financial Services Corporation
Nordkap Bank AG

**Mechanic's Lienholders**

Triple C. Concrete, Inc.
Consolidated Electric Distributors, Inc. d/b/a All-Phase Electric Supply
CR Concrete & Excavation, Inc.
Ferguson Enterprises, Inc. (formerly, Familian Northwest, Inc.
ADI Systems, Inc.
Hofbuhr Excavating Co., Inc.
Ryan & Associates, Inc.
Lea Electric, LLC
Walton, Inc.
Mettler Metalworks, Inc.
Kloepfer, Inc.
Galena Engineering, Inc.
SPX Cooling Technologies, Inc.
EBM Manufacturing, Inc.
Southern Field Welding
Flowerserve Pump Corp.
Gary D. Jones Construction Company, Inc.
Ramsey Heating & Electric, Inc.
Halverson Company
Essmueller Company
Advantage Industrial Systems, LLC
Dilling Mechanical Contractors, Inc.
Fisher Controls International, LLC
Graybar Electric Company
K&L Steel Corp.
United Pipe & Supply Company, Inc.
Hughes Machinery Company
The Crom Corporation
Rule Steel Tanks

**Directors, Officers & Other Parties in Interest**

Steve Garybill
Raf Alam
Ed Murray
Chris Thomas
Fanton Chuck
Saracen Fund Managers Limited
Artemis Investment Management Limited
Framlington Group Ltd
BlackRock Investment Management (UK) Limited
Rathbone Brother PLC
Invesco Asset Management Limited