IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

FILED

2:42 pm, 6/18/09

Tim J. Ellis
Clerk of Court

| | |
|---|---|
| In re: ) | |
| ) | Case No. 08-20345 |
| WYOMING ETHANOL, A LIMITED ) | Chapter 11 |
| LIABILITY COMPANY, ) | |
| ) | |
| Debtor. ) | |
| In re: ) | |
| ) | Case No. 08-20347 |
| ) | Chapter 11 |
| RENOVA ENERGY, INC., ) | |
| ) | |
| Debtor. ) | |
| In re: ) | |
| ) | Case No. 08-20346 |
| RENOVA ENERGY (ID) LLC, ) | Chapter 11 |
| ) | |
| ) | |
| Debtor. ) | (Jointly Administered) |

**ORDER GRANTING APPLICATION OF DEBTOR PURSUANT
TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY
CODE FOR AUTHORITY TO EMPLOY AND RETAIN
PERFECTION PLANT LIQUIDATORS LLC. AS LIQUIDATOR
OF CERTAIN ASSETS OF THE DEBTOR**

Upon consideration of the application (the "Application") filed by Renova Energy (ID) LLC, as Debtor in possession (the "Debtor"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (11 U.S.C. § 101 et seq.) (the "Bankruptcy Code") for authority to employ and retain Perfection Plant Liquidators LLC ("Auctioneer") as liquidator of certain of the equipment (as defined in the Application, the "Equipment") pursuant to that certain Guaranteed Auction Agreement (the "Agreement") between Auctioneer and the Debtor; and upon consideration of the affidavit dated June 16, 2009 of David Muslin, President of the Auctioneer (the "Muslin Affidavit"), a copy of which is annexed as an exhibit to the Application; and the

Court being satisfied, based on the representations made in the Application and in the Muslin Affidavit; and it appearing that Auctioneer neither represents nor holds any interest adverse to the Debtor or to its estate as to the matters upon which it is to be engaged and is disinterested under sections 101(14) and 327(a) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and that the employment of Auctioneer is necessary and would be in the best interests of the Debtor and its estate; and the Court having jurisdiction to consider the Application and the relief requested therein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore,

THE COURT FINDS AND CONCLUDES:

A. Due and adequate notice has been given to all parties entitled thereto, [no objections were filed] and no other or further notice is necessary or required.

B. Auctioneer neither holds nor represents an interest adverse to the Debtor's estate such that would disqualify Auctioneer from representation of the Debtor in these chapter 11 cases.

C. Auctioneer is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code; and

D. The retention of Auctioneer as liquidator of the Equipment, is in the best interests of the Debtor and its estate, creditors, and interest holders.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The Application is granted.

2. Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

3. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, the Debtor, as Debtor and Debtor in possession, is authorized to employ and retain Auctioneer as the liquidator of the Equipment in accordance with the terms of the Agreement.

4. Auctioneer shall be compensated in accordance with the terms described in the Application and the Agreement directly out of proceeds of the liquidation of the Equipment, without further order of this Court or the filing of fee applications.

5. Auctioneer's entitlement to compensation for services rendered and reimbursement of charges and expenses under the Agreement shall be binding upon the Debtor or any successor or assignee including but not limited to, a chapter 11 or chapter 7 trustee, examiner or liquidator.

6. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order

Dated: Cheyenne, WY
~~July~~ /8, 2009
June

_____
UNITED STATES BANKRUPTCY JUDGE

EAST\42451232.1